IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ALMA TURNER                                                                                        PLAINTIFF

vs.                                          CIVIL NO. 05-1082

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                              DEFENDANT

**MEMORANDUM OPINION**

Alma Turner ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits ("DIB"), under Title II of the Act.

**Background:**

The application for DIB now before this court was filed on March 6, 2003, alleging an onset date of February 12, 2002, due to obsessive compulsive disorder ("OCD"), limited left arm use, depression, and disc problems. (Tr. 66-68, 72). An administrative hearing was held on August 20, 2003. (Tr. 343-377, 388-389). Plaintiff was present and represented by counsel.

The ALJ issued a written decision on March 21, 2005, finding that plaintiff was not disabled within the meaning of the Act at any time through the date of his decision. (Tr. 28). He concluded that, while plaintiff's history of right and left knee patellofemoral chondrosis with medial meniscus tear (status post multiple procedures for bilateral knee arthroscopic partial medial meniscectomy and arthroplasty with debridement/excision of synovium), history of obesity (300+ pounds; 66 inches), and history of pes planus deformity of the feet bilaterally were "severe" within the meaning of the Regulations, they did not meet or medically equal an impairment contained in the Listing of

Impairments in Appendix 1 to Subpart P of Regulations No. 4. (Tr. 27). The ALJ then concluded that plaintiff retained the residual functional capacity ("RFC"), to lift, carry, push, and pull up to ten pounds occasionally, sit six hours in an eight-hour workday, and stand and/or walk no more than two hours total in an eight-hour workday. He also determined that plaintiff would not be able to operate foot controls with the lower extremities; could never climb, crouch, kneel, and/or crawl; and, could only occasionally balance, stoop, and/or bend. (Tr. 27). The ALJ noted that plaintiff had no limitations in her ability to perform simple grasping or fine/gross manipulation with the hands; in her ability to handle, finger, feel, see, hear, speak, reach overhead with the upper extremities; or, in the repetitive use of the upper extremities. (Tr. 27-28). Accordingly, he concluded that there was a significant number of jobs in the national economy that plaintiff could still perform (Tr. 28).

At the time of the ALJ's decision, on March 21, 2005, plaintiff was thirty-one years old and possessed a high school diploma with one semester of college. (Tr. 302). She had past relevant work ("PRW"), as a buffer/polish machine operator, laborer, and cook. (Tr. 92, 324).

On August 26, 2005, the Appeals Council declined to review this decision. (Tr. 4-6). Subsequently, plaintiff filed this action. (Doc. # 1). Plaintiff also filed a motion to remand for the consideration of additional evidence showing that plaintiff underwent surgery on her left knee on January 21, 2004, and establishing her need for arthroscopy and lateral release of the right knee. (Doc. # 9, Ex. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 10, 11).

2

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

Plaintiff alleges that the evidence concerning the knee surgery performed in January 2004, was submitted to the Appeals Council, prior to their determination, but was not included in the

4

record before this court.[1] (Doc. # 9). However, she contends that the remaining evidence, establishing her need for arthroscopy and lateral release of the right knee, was not made available to her until after August 26, 2005, the date the Appeals Council declined to review the ALJ's decision. Accordingly, based on these facts, we find sufficient cause to excuse plaintiff's failure to submit the records at the administrative level. (Doc. # 9).

Next, we consider the issue of materiality. To be "material," the evidence must be relevant to claimant's condition for the time period for which benefits were denied. *See Williams v. Sullivan,* 905 F.2d 214, 216 (8th Cir.1990). Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. *See Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir.1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application).

In the present case, the record reveals that plaintiff suffers from obesity and bilateral patellofemoral chondrosis with medial meniscus tears. (Tr. 216-217, 240-241, 252, 270, 276, 279-282). Records indicate that she has undergone numerous surgical procedures in an effort to correct these problems. On November 20, 2002, April 2, 3003, and June 13, 2003, plaintiff underwent separate surgeries on her left knee.[2] (Tr. 218-219, 232-233, 240-241, 252, 276, 281-282). On

---

[1] We note that plaintiff has submitted a form letter submitted by her counsel to the Administration on June 15, 2005. (Doc. #9, Ex. # 1).

[2] A review of the medical records reveals that these surgeries were performed by Dr. D'Orsay Bryant. (Tr. 240-241, 252, 218).

5

January 21, 2004, and December 21, 2004, plaintiff had surgeries on her right knee.[3] (Tr. 218-219, 232-233, 240-241, 252, 276, 281-282). While the ALJ does note that plaintiff has undergone both conservative and surgical therapy in an attempt to obtain pain relief, he partially dismisses her subjective complaints, stating that she failed to follow-up with Dr. Bryant after July 2003. (Tr. 16). However, plaintiff seeks to admit a document dated January 21, 2004, which reveals that Dr. Bryant had performed a left knee arthroscopic partial lateral meniscectomy and left knee arthroscopic chondroplasty and debridement/excision of the synovium, on this date. (Doc. # 9, Ex. A). Although no additional preoperative records detailing Dr. Bryant's treatment were submitted, this does provide evidence that plaintiff did follow-up with Dr. Bryant, thereby contradicting the ALJ's conclusion.

Further, the ALJ also dismissed plaintiff's subjective complaints because she elected not to undergo surgery on her left knee in January 2005. While this statement was accurate based on the records contained in the transcript, supplemental notes from Dr. Gati dated April 25, 2005, which plaintiff submitted to the Appeals Council but were not made a part of the record, reveal that plaintiff was scheduled for surgery on May 17, 2005. (Doc. # 9, Ex. B). Therefore, this record makes clear that plaintiff did not totally opt to forego surgery in favor of conservative therapy, as the ALJ's opinion seems to suggest.

Given plaintiff's vast surgical history, her obesity, and the fact that this additional evidence tends to undermine the ALJ's reasons for dismissing plaintiff's subjective complaints concerning her knee impairment, we believe that this additional evidence constitutes material evidence. *See* 20

---

[3]The surgery performed on January 21, 2004, was performed by Dr. Bryant, while the December 2004 surgery was performed by Dr. Kenneth Gati. (Tr. 270, 276, 281).

6

C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00Q; SSR 02-01p (2002). Accordingly, we find that remand is appropriate, as the evidence appears to indicate that plaintiff's physical condition imposed limitations that were more severe, during the time period in question, than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992). At the very least, this new and material evidence causes the court to believe there is a reasonable likelihood it would have changed the Commissioner's decision. *Woolf,* 3 F.3d at 1215. Therefore, on remand, the ALJ is directed to properly consider this evidence.

We also note that the record does not contain an RFC assessment prepared by any of plaintiff's treating physicians. The opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective bases for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for consideration of the aforementioned additional evidence,

pursuant to sentence six of 42 U.S.C. § 405(g).

ENTERED this <u>21st</u> day of September 2006.

                                          <u>/s/ Bobby E. Shepherd</u>
                                          HONORABLE BOBBY E. SHEPHERD
                                          UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**