IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ALMA TURNER                                                                                    PLAINTIFF

vs.                                    Civil No. 1:05-cv-01082

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

    Alma Turner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

    This case was originally filed on September 9, 2005, well over four years ago. (Doc. No. 1).[2] Prior to filing this case in 2005, the ALJ had held two administrative hearings on Plaintiff's application, one on January 13, 2005 and one on February 16, 2005. (Tr. 283-328). Subsequent to

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[2] In her application for DIB, she alleged an onset date of February 12, 2002, nearly eight years ago. (Tr. 84).

1

those hearings, the ALJ entered an unfavorable decision, denying Plaintiff's request for DIB. (Tr. 12-28). That decision was dated March 21, 2005. *See id.* Plaintiff appealed that decision to this Court. (Doc. No. 1). In response to this appeal, the Honorable Judge Bobby E. Shepherd remanded Plaintiff's case to the SSA pursuant to Sentence 6 of 42 U.S.C. § 405(g).[3] *See id.*

After this remand by Judge Shepherd, the ALJ held a third administrative hearing. (Tr. 459-505). This hearing was held in El Dorado, Arkansas on May 10, 2007. (Tr. 459-505). Plaintiff was present and was represented by counsel at that hearing. *See id.* Plaintiff and Vocational Expert ("VE") Tyra Watts testified at that hearing. *See id.* Subsequent to that hearing, on September 27, 2007, the ALJ entered a second unfavorable decision, again denying Plaintiff's request for DIB. (Tr. 407-420). On October 1, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 430). The Appeals Council assumed jurisdiction of Plaintiff's case, and on January 22, 2008, the Appeals Council remanded Plaintiff's case to the ALJ for further consideration. (Tr. 426-429). In its opinion remanding Plaintiff's case to the ALJ, the Appeals Council stated the following:

> The U.S. District Court for the Western District of Arkansas, El Dorado Division (Civil Action Number 1:05-cv-01082) has remanded this case to the Commissioner of Social Security for further administrative proceedings in accordance with the sixth sentence of section 205(g) of the Social Security Act. Thereafter, a hearing was held May 10, 2007. . . . *The court specifically required the Administrative Law Judge to address interrogatories to the physicians who have evaluated and/or treated the claimant, asking the physicians to review the medical records, complete an RFC assessment and give objective bases for their opinions. This was not done.* . . . The Appeals Council is constrained to remand this case once again. However, in light of the unanswered, but very specific directive, the Appeals Council believes another remand is necessary.

---

[3] The full background of this case is outlined in the Memorandum Opinion dated September 21, 2006. (Doc. No. 12). This Court will not restate the full background here.

2

(Tr. 428) (emphasis added).

The ALJ then held a fourth administrative hearing on March 24, 2008 in response to the Appeals Council's remand order. (Tr. 506-549). This hearing was held in El Dorado, Arkansas on March 24, 2008. *See id.* Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and VE Tyra Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff testified she weighed 311 pounds. (Tr. 515).

On August 14, 2008, the ALJ entered a third unfavorable decision. (Tr. 335-350). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 337, Finding 1). The ALJ determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") from February 12, 2002 through September 11, 2004. (Tr. 337-339). Specifically, the ALJ found Plaintiff had reported earnings of $25,026.89 for reporting year 2002, $19,670.26 for reporting year 2003, and $24,074.70 for reporting year 2004. *See id.* Based upon this finding, the ALJ determined Plaintiff was not under a disability, as defined in the Act, during any period from February 12, 2002 through September 11, 2004. (Tr. 339, Finding 4).

For the remainder of his opinion, the ALJ addressed the time-period from September 12, 2004 through the date of his decision or through August 14, 2008. (Tr. 339-350). During that time period, the ALJ determined Plaintiff had the following severe impairments: a history of left knee patellofemoral chondrosis with meniscal tear (status post partial lateral meniscectomy with arthroscopic chondroplasty and debridement/excision of synovium (January 2004)) with arthritis changes and knee cartilage damage (Exs. 10F, 18F); obesity; osteoarthritis; and obstructive sleep apnea. (Tr. 339-341, Finding 5). However, the ALJ also determined Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing

3

of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 341, Finding 6).

The ALJ found Plaintiff was born on June 2, 1973 and was twenty-eight (28) years old on her alleged onset date. Under the SSA regulations, a person that age is considered a "younger person." *See* 20 C.F.R. § 404.1563(c). The ALJ also found Plaintiff had at least a high school education and was able to communicate in English. (Tr. 348, Finding 10). In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 341-348). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not fully credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that for the period beginning September 12, 2004 through the date of this decision, the claimant has retained the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant would be limited in the ability to walk and she would require a "sit-stand option" while performing job duties; she would have no significant limitations regarding the ability to sit; she should not work at unprotected heights or around dangerous moving machinery; she can occasionally climb (stairs only), balance, stoop, crouch, kneel and/or crawl; she would experience mild to moderate pain with the use of either prescription and/or over-the-counter pain medications. Based on her educational background and/or work history, the claimant would require an unskilled to low semi-skilled job; she would have the ability to understand, remember and follow concrete instructions, and interact appropriately with supervisors, co-workers and/or the public with no significant restrictions.

(Tr. 341-348, Finding 7).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she was unable to perform any of her PRW. (Tr. 348). The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 348-350). In order to determine whether Plaintiff would be able to perform this other work, the ALJ relied upon

4

the testimony of a VE. *See id.* The VE testified that a hypothetical person with Plaintiff's limitations retained the ability to perform such representative occupations as an information clerk with approximately 5,600 such jobs in Arkansas and 1,000,000 such jobs in the national economy and as a ticket seller with 2,500 such jobs in Arkansas and 500,000 such jobs in the national economy. (Tr. 349). Based upon this testimony, the ALJ determined Plaintiff retained the ability to perform other work existing in significant numbers in the local, regional, and national economy beginning September 12, 2004 and continuing through the date of his decision or through August 14, 2008. (Tr. 348, Finding 12). The ALJ then found Plaintiff had not been under a disability, as defined in the Act, from February 12, 2002, her alleged onset date, through the date of his decision or through August 14, 2008. (Tr. 350, Finding 13).

On August 14, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 331). *See* 20 C.F.R. § 404.968. On October 21, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 329-330). On September 9, 2005, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on September 29, 2005. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 22-23). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

5

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

Plaintiff brings the present appeal claiming the following: (1) the ALJ failed to develop the record; (2) the ALJ performed an improper "vocational evaluation"; (3) the ALJ performed an improper "obesity evaluation"; (4) the ALJ erred by not finding Plaintiff met the requirements of orthopedic listing 102(A); (5) the ALJ erred by failing to give "some" consideration to the disability benefits paid by the insurance company; and (6) the ALJ performed an improper *Polaski* evaluation. (Doc. No. 22, Pages 4-20). In response, Defendant claims the ALJ properly developed the record, properly found Plaintiff did not meet the requirements for a listed impairment, properly discredited Plaintiff's subjective complaints, properly considered Plaintiff's obesity in assessing her RFC, properly disregarded the disability finding of the insurance company, and properly relied upon the VE's testimony. (Doc. No. 23, Pages 4-14). Because this Court finds the ALJ did not pose a proper hypothetical to the vocational expert and did not properly evaluate Plaintiff's RFC, this Court will only address Plaintiff's second and third arguments for reversal.

In determining whether a claimant is disabled, an ALJ must first assess the claimant's RFC. *See* 20 C.F.R. § 404.1520(a)-(f). After assessing the claimant's RFC, the ALJ must then evaluate whether the claimant can perform his or her PRW. *See id.* If the ALJ finds the claimant cannot

7

perform his or her PRW, then the burden then shifts to the SSA to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206. The ALJ can meet this burden through the use of testimony from a vocational expert. *See id.* The ALJ poses hypothetical questions to the VE that include an assessment of the claimant's limitations, and the VE's responses to those hypothetical questions provide substantial evidence supporting the ALJ's disability determination. *See id.* However, in order for the VE's responses to those hypothetical questions to constitute substantial evidence supporting the ALJ's disability determination, those hypothetical questions must "fairly reflect the abilities and impairments of the claimant as evidenced in the record." *See id.* If those questions do not "fairly reflect" the claimant's limitations, then the ALJ's disability determination cannot be based upon the VE's responses to the ALJ's hypothetical questions. *See id.*

In the present action, the ALJ assessed Plaintiff's RFC and found she would require a "sit-stand option" in performing her job duties. (Tr. 341, Finding 7). This limitation was placed on Plaintiff due to her obesity. *See id.* The ALJ then posed his hypothetical questions to the VE during the administrative hearing on March 24, 2008. (Tr. 506-549). However, instead of telling the VE Plaintiff would require a job with a "sit-stand option," the ALJ stated Plaintiff would only be required to "stretch her legs." (Tr. 546). There is a significant difference between a job where a person is given the ability to "stretch her legs" while working and a job where a person is given the option to sit or stand while working, and the ALJ's hypothetical question did not "fairly reflect" Plaintiff's limitations. Therefore, the VE's responses to that hypothetical question cannot provide substantial evidence supporting the ALJ's disability determination. *See Cox,* 160 F.3d at 1206.

An even greater problem with the ALJ's disability determination is his assessment of Plaintiff's obesity. It is undisputed that Plaintiff's height was 5' 6" and her weight was 311 at the

8

time of the administrative hearing on March 24, 2008. (Tr. 514-515). At this weight and height, Plaintiff's Body Mass ("BMI") Index was 50.5. *See* Department of Health and Human Services – National Institutes of Health, http://www.nhlbisupport.com/bmi/bmicalc.htm. This BMI is considered to be at the highest level of obesity (Level III of obesity), and this level of obesity is so serious that surgical intervention is generally recommended to treat it. *See* SSR 02-1p (noting "[g]enerally, physicians recommend surgery when obesity has reached level III (BMI 40 or greater)").

Despite this extreme level of obesity, the ALJ still found Plaintiff could perform light work with some restrictions. Generally, light work requires the ability stand or walk six hours out of an eight hour work day, and "[s]itting may occur intermittently during the remaining time." *See* SSR 83-10. The VE identified two jobs Plaintiff could perform in response to the ALJ's hypothetical question. (Tr. 546-547). Those jobs, however, are still classified as "light" jobs; and while the VE testified that they both may be "performed primarily at the sitting level," the classification for both jobs still presumes Plaintiff can stand or walk for six hours out of an eight hour day. Accordingly, on remand, the ALJ should also further evaluate his assessment of the ALJ's RFC and determine if sedentary work may be more appropriate for Plaintiff.

Based upon the two problems outlined above (the Step Five determination and RFC determination), this case must be reversed and remanded. As outlined in the procedural history above, this case has already been remanded by this Court, and four administrative hearings have already been held in this case. This Court is extremely reluctant to remand this case for a fifth administrative hearing. Due to the length of time this case has been pending and the ALJ's repeated failures to properly analyze Plaintiff's disability claims, this case might be one of the cases that

9

should be reversed and rendered with a direction to award benefits. Out of fairness to Plaintiff, this Court is inclined to order such relief. However, based upon the direction by the Eighth Circuit, a court should not reverse and render a case unless that court finds the record "overwhelmingly supports" a finding of disability. *Buckner v. Apfel,* 213 F.3d 1006, 1011 (8th Cir. 2000) (noting "we may enter an immediate finding of disability only if the record 'overwhelmingly supports' such a finding"). In this case, there is no such overwhelming support. Indeed, the evidence in this case, including Plaintiff's extensive daily activities and ability to attend school full-time (Tr. 540), indicates she retains the ability to perform sedentary work.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of January, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE